

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable A. G. Garvey
County Auditor
Bexar County
San Antonio, Texas

Dear Mr. Garvey:

Opinion No. 0-6451
Re: Whether the county can
legally pay a deputy sheriff
his salary under the facts
stated.

On February 28, 1945, you requested an opinion of
this department on the following questions:

"(1) If a deputy sheriff is injured in
a car accident while performing his duties
and is confined to bed at his home or hos-
pital for a period of from one to six months,
can the County legally pay this deputy sheriff
salary during this confinement where no ser-
vices as deputy sheriff is being rendered
Bexar County?

"(2) Can the County legally pay the Doctor
and Hospital bills of this deputy?"

On March 7, 1945, in reply to your request, we sent
you copies of the following opinions Nos. 0-2951, 0-1967,
0-1876, 0-4754, and 0-5388, and stated in effect that we
believed the principles of law announced in those opinions
were applicable to your questions and retired the original
request.

On March 19, 1945, with reference to our letter of
March 7th you wrote us as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



Honorable K. G. Garvey,   page 2

"With reference to your letter of March 7, 1945, regarding opinion request #6451 I desire further information regarding question (1) of my request of February 28, 1945.

"The Criminal District Attorney of this County has advised me as legal advisor on many occasions for the past number of years and did advise on July 16, 1944, on the matter that I am placing before you, that where County employees such as deputies, clerks and assistants become seriously ill or are injured in line of duty which will confine these employees to bed for a period of several months where no service can be rendered the County during this period of illness or injury, that the Statutes does not permit officials to legally draw a warrant against their officers salary fund, Article 3912 E, Section 19, Paragraph L, Vernon's Texas Statutes and the County Auditor can not legally approve a warrant for payment, Article 3912 E. Section 19, Paragraph m, for salary where there has been no services rendered.

"However, in the face of the above ruling or advise of the Criminal District Attorney on several occasions regarding serious illness or injury, the officials have drawn warrants against their officers salary fund and the County Auditor has approved these warrants and the deputies, clerks or assistants have received their salary during this illness or injury for a period of approximately two and a half months.

"It has been the custom here in several cases of serious illness or injury even in the face of the Criminal District Attorney's ruling or opinion to carry a deputy, clerk or assistant on the pay roll for approximately two and a half months before removing him from the pay roll and in these cases if the official does not remove him from the pay roll by this time and continues to draw a warrant in favor of the deputy, clerk or assistant, the

Honorable E. G. Garvey, page 3

County Auditor then after approximately two and a half months refuses to approve this warrant drawn by the official.

"It seems that the deputy involved in this request for an opinion or his friends have discussed this matter with one of Bexar County's District Judges and he is of the opinion that I should request an opinion on this matter from your department. This is the reason for my request of February 28, 1945.

"On May 5, 1944, a regular deputy sheriff who was employed by the Sheriff of Bexar County, in compliance with Article 3912 £, Section 19, Paragraph h, was injured in a car accident while performing his duties and became confined to bed at his home or hospital on this date. The Sheriff of Bexar County drew warrants against his officers salary fund to pay this deputy his salary on May 16, 1944, May 31, 1944, June 15, 1944, June 30, 1944 and July 16, 1944, which warrants were approved for payment by the County Auditor and yet no services were renderedBexar County by this deputy as he was still confined to his bed.

"On approximately July 16, 1944 the County Auditor discussed this matter with the Sheriff and was informed by him that this deputy would not return to work for quite some time. The Auditor then notified the Sheriff that he would not approve for payment any more warrants drawn by the Sheriff in favor of this deputy after July 16, 1944, unless this deputy came to work and rendered service for Bexar County. On July 31, 1944, the Sheriff drew another warrant in favor of this deputy which warrant was not paid to the deputy as the County Auditor refused to approve the warrant. On August 3, 1944, this deputy came to work and has received his salary each month since August 3, 1944.

"You will note that this deputy was paid for seventy-two and a half days or approximately two and a half months where no services were rendered and that he was not paid from noon July 16, 1944, to August 3, 1944, which is seventeen and a half days.

Honorable E. G. Garvey,    page 4

> "Can this deputy legally be paid his salary
> for these seventeen and a half days?
>
> "Thanking you for an opinion on this matter."

Paragraph (h), Section 19, Article 3912e, Vernon's Annotated Civil Statutes is applicable to Bexar County and is in part as follows:

> ". . . .No payment shall be made to any deputy, assistant or employee for any service performed prior to the authorization of his appointment and until he shall have subscribed to the constitutional oath of office and such appointment and oath have been filed with the county clerk for record. The amounts allowed to be paid to deputies, assistants and employees shall be paid after rendition of service out of said Officers' Salary Fund as provided for in this Act."

We express no opinion regarding the payment of the deputy sheriff for two and a half months as the county has paid this amount and apparently no question is raised with reference to such payment. This opinion is limited to the question:

> "Can this deputy legally be paid his salary
> for these seventeen and a half days?"

It is a settled general rule that fractions of the day are not considered in the computation of time. (Rudco Oil & Gas Co. v. Lemasters, 146 S. W. 2d 806; 41 Tex. Jur. p.345, sec. 5 and authority cited therein.)

In answer to the above stated question you are advised it is the opinion of this department that unless the deputy sheriff rendered a service to the county as contemplated by the Legislature in enacting Paragraph (h), Section 19, Article 3912e, he is not entitled to compensation for the period of time no service is rendered. We answer the above stated question in the negative; however, the half day mentioned in your inquiry should not be considered in the computation of time for which the deputy is not to be paid.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:LJ

MAR 29, 1945

APPROVED
OPINION
COMMITTEE
BY BW73